UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EVAMARIE COOPER                                              JURY TRIAL DEMANDED

v.                                                                           CASE NO.  3:17 cv

ICS CAPITAL LLC
GARY WILLIKY

COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), l5 U.S.C. § 1692.

2. The Court has jurisdiction. 15 U.S.C. § 1692k and 28 U.S.C. §133l.

3. Plaintiff is a natural person and a citizen and resident of Connecticut.

4. Plaintiff is a consumer within the FDCPA, in that the account involved in defendant's collection efforts arose out of a personal credit transaction.

5. Plaintiff has standing, in that defendant directed a collection letter to her, and she was harmed by its violation of her interest in being protected from the unfair or deceptive collection practices alleged herein, that violate the express prohibitions of the FDCPA..

6. Defendant ICS purposefully sent its initial form collection letter to plaintiff at her Connecticut address under date of August 30, 2017.

7. Defendant has sent numerous initial form collection letters to individuals with Connecticut addresses.

8. Defendant's letter to plaintiff sought payment of $10,401.89 plus unauthorized and usurious interest of $16,907.49.

9. Defendant is not licensed as a collection agency or debt buyer in Connecticut. 15 U.S.C. §1692e(3).

10. Defendant's letter did not provide the name of the current creditor as required by 15 U.S.C. §1692g(a)(2).

11. Unlicensed collection activity violates the FDCPA. <u>Goins v. JBC & Associates, P.C.</u>, 352 F. Supp. 2d 262 (D. Conn. 2005).

12. Defendant Williky is the president of ICS and actively manages and controls all aspects of the collection activities of ICS.

13. Williky directed, ratified, or approved the form letter sent to plaintiff, as well as affirmatively determining to remain unlicensed as a collection agency or debt buyer in Connecticut or elsewhere.

14. For the purposes of awarding maximum statutory damages, plaintiff alleges that the nature of the violation is serious. Failure to obtain a collection agency license incurs a penalty of $1,000 fine and/or one year in prison. Conn. Gen. Stat. §36a-810.

15. In the collection efforts, defendant violated the FDCPA, § 1692e, -f, or –g.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, including $1,000 statutory damages the pursuant to 15 U.S.C. § 1692k(a)(2)(A) as well as actual damages for garden variety emotional distress caused by defendant's effort to collect an amount substantially in excess of anything owed.

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

3. Award such other and such further relief as law or equity may provide.

THE PLAINTIFF

BY____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net